# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ANTHONY BRANDEL,<br><br>      Defendant. | Case No. 2:13-CR-00439-KJD-VCF<br><br>**ORDER** |

Presently before the Court is Defendant Anthony Brandel's Emergency Motion for Compassionate Release (#200) and Motion for Reconsideration of Detention Order (#206). The Government filed a response in opposition (#209). The Court will consider both motions because the standard and the risk is the same for granting either motion.

18 U.S.C. § 3143(a) provides that a judicial officer "shall order" that a person who has been found guilty of an offense and is awaiting imposition of sentence be detained, unless the judicial officer finds by "clear and convincing evidence" that the person is not likely to flee or pose a danger to the safety of the community. The burden of establishing that Defendant will not flee or pose a danger to the safety of the community is on Defendant. See Federal Rule of Criminal Procedure 46(c).

Here, Defendant seeks release, first to attend his mother's funeral in Michigan on Saturday, December 12, 2015.  Further, Defendant seeks to be released pending his sentencing asserting that he is neither a flight risk nor a danger to the community. Defendant argues that he has been completely compliant with the requirements of Pre-trial Services pending his trial. Further, he argues that he has ties to the community. Finally, he asserts that electronic monitoring should be enough to secure his compliance with any terms or release.

However, while the Court is sympathetic to the loss of a loved one, Defendant has failed to meet his burden by clear and convincing evidence. First, Defendant has raised no new evidence that was not available when the Court ordered him detained on Monday, December 7, 2015.  Defendant has not met his burden in seeking reconsideration. In fact, Mrs. Cecil passed away on Sunday, December 6, 2015, but Defendant failed to raise this non-determinative fact until late on Wednesday, December 9, 2015.

Second, his ties to the community are not strong. He rents a residence that he shares with a girlfriend and his adult son. He transferred significant amounts of money to foreign jurisdictions. Details of what happened to much of that money after the transfer are unavailable due to the data privacy laws of those jurisdictions. Finally, he is facing a significant amount of time for the crime of which he was convicted. Though Defendant has suggested that electronic monitoring would ensure his future appearance, electronic monitoring is not a foolproof solution in the face of someone with the incentive and means to gamble with the potential rewards of flight. Electronic monitoring does not prevent flight. It only notifies the appropriate authority in the event of Defendant's failure to comply with travel restrictions.  Therefore, the Court denies his motions for release pending sentencing.

///
///
///
///

Accordingly, IT IS HEREBY ORDERED that Defendant Anthony Brandel's Emergency Motion for Compassionate Release (#200) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration of Detention Order (#206) is **DENIED**.

DATED this 10th day of December 2015.

_____
Kent J. Dawson
United States District Judge