DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
MARK E. WOOLF
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Daniel.Hollingsworth@usdoj.gov
Mark.Woolf@usdoj.gov
Counsel for the United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CR-439-KJD-(VCF) |
| Plaintiff, | |
| v. | United States of America's Unopposed Motion to Extend Time to File its Motions Regarding Restitution and Forfeiture (First Request) |
| ANTHONY B. BRANDEL, and JAMES WARRAS, | |
| Defendants. | |

The United States of America respectfully moves this Court for an Order extending the time for the United States to file its motions regarding restitution and forfeiture. This motion is the first request for an extension of time to file the motions because the large amount of information to process has taken longer than anticipated on top of already full workloads. The deadline for filing the motions is August 31, 2016. The United States requests a two week extension of the schedule as follows: Motions due September 14, 2016; Responses due September 28, 2016; Replies due October 12, 2016; and the hearing no earlier than the week of October 24-27, 2016.

The grounds for extending the time are as follows.

/ / /

Raquel Lazo and Kathleen Bliss, counsel for James Warras (Warras) and Anthony Brandel (Brandel) respectively, were contacted on August 30, 2016, and agreed to the extension of time.

Undersigned counsels have large case loads and have been unable to complete the motions to this point. Counsel for Warras and AUSA Hollingsworth have oral argument at the Ninth Circuit the week of September 12, 2016, on another case. Counsel for Warras has a trial scheduled to start on October 17, 2016. Both Warras' and Brandel's counsel have oral argument before the Ninth Circuit on October 20, 2016. The government and defense counsel request two weeks because a shorter delay will conflict with Ninth Circuit oral argument and a trial.

On August 3, 2016, this Court reserved jurisdiction to determine the criminal forfeiture money judgment amount because Warras and Brandel stipulated the Judgment in a Criminal Case will not be filed and the sentencing will not be completed until the forfeiture amount is resolved. *See* Fed. R. Crim. P. 32.2(b)(4)(B) (2016); *United States v. Martin*, 662 F.3d 301, 306-10 (4th Cir. 2011) (explaining the district court had jurisdiction to enter the criminal forfeiture because Fed. R. Crim. P. 32 is a time-related directive, not a jurisdictional directive, and the district court gave defendants "notice at the time of sentencing that the district would enter forfeiture orders …."), *cert. denied* --- U.S. ---, 132 S. Ct. 1953 (2012); *United States v. Ereme*, 339 F. App'x 340, 342 (4th Cir. 2009) (stating the court had jurisdiction to enter the forfeiture order because Ereme was aware of the forfeiture order and objected to the forfeiture order at sentencing that caused the court not to enter it with the Judgment); *United States v. Ferrario-Pozzi*, 368 F.3d 5, 9-10 (1st Cir. 2004) (explaining the court retained jurisdiction to enter the forfeiture order later because the defendant was aware of the forfeiture order and agreed to the continuance to determine the forfeiture); *United States v. Koch*, 491 F.3d 929, 931-932 (8th Cir. 2007) (stating the district court has jurisdiction because the Federal Rules of Criminal Procedure are "presumptively waivable," which the defendant waived; the parties agreed the forfeiture order would be entered after the Judgment; the Judgment can be amended to add a forfeiture order under Fed. R. Crim. P. 36; and entering the forfeiture order at sentencing is not a fundamental right) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 -202 (1995) (explaining that

the Supreme Court has "taken the context of a broad array of constitutional and statutory provisions[]" and "the Federal Rules if Criminal Procedures" as presumptively waivable) (citations omitted; brackets added); *United States v. Myers*, 804 F.3d 1246 (9th Cir. 2015) (explaining that Federal Rules of Criminal Procedure are waivable, including Rule 11).

On August 3, 2016, this Court sentenced Warras and Brandel but, under 18 U.S.C. § 3664(d)(5), reserved jurisdiction to determine the restitution amount subsequently. "[A] sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution - at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States*, 560 U.S. 605, 608 (2010). This Court does not lose jurisdiction if it misses the 90-day deadline under § 3664(d)(5) because its deadline "seeks speed by creating a time-related directive that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed." *Dolan*, 560 U.S. at 611 (citations omitted). "The fact that a sentencing court misses the statute's 90 - day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." *Id.*. Since this Court unambiguously made it clear it would order restitution, the district court reserved its jurisdiction to order restitution at a later time. Because "the court plainly expressed its inclusion of restitution as a part of the pronouncement of sentence, which occurred before the statutory deadline expired[, and t]he court then granted restitution in part on April 30, 2008, after the deadline expired, and filed a final order granting restitution on June 30, 2008, … the district court acted properly. *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162-63 (9th Cir. 2010).

This Motion is not submitted solely for the purpose of delay or for any other improper purpose.

/ / /
/ / /
/ / /
/ / /

This Court should grant an extension of time to, and including, the following: Motions due September 14, 2016; Responses due September 28, 2016; Replies due October 12, 2016; and the hearing no earlier than the week of October 24-27, 2016.

DATED this 31st day of August, 2016.

DANIEL G. BOGDEN
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

/s/ Mark E. Woolf
MARK E. WOOLF
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: August 31, 2016

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on August 31, 2016.

/s/ Heidi L. Skillin
HEIDI L. SKILLIN
Asset Forfeiture Paralegal