# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY BRANDEL,

Defendant.

Case No. 2:13-cr-0439-KJD-VCF

**ORDER**

Before the Court is Anthony Brandel's Motion to Stay Sentencing and Judgment of Conviction (ECF No. 451) and his Motion for Writ of Habeas Corpus (ECF No. 452). The government responded to both motions (ECF Nos. 461, 462), and Brandel replied (ECF No. 478). Brandel's motions effectively ask the Court to consider his habeas petition before it sentences or otherwise enforces the judgment against him. The Court construes Brandel's pro se filings liberally and in his favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite that leeway, Brandel is still "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

As the government points out, the Court has already entered judgment against Brandel (Judgment, ECF No. 454). Therefore, inasmuch as Brandel's motion seeks to stay entry of judgment, his motion is moot.

Alternatively, Brandel seeks a stay of judgment to prove his actual innocence. Brandel does not warrant a stay of the judgment of conviction. It is within the Court's discretion to stay a judgment pending appellate or habeas review. See Nken v. Holder, 556 U.S. 418, 425–26 (2009). Whether a stay is appropriate depends on four factors: (1) the petitioner's likelihood of success on the merits of its claim; (2) the risk of irreparable injury to the petitioner absent the stay; (3) the risk of injury to other interested parties; and (4) the public policy interest in the stay. Hilton

| | |
|---|---|
| 1 | v. Braunskill, 481 U.S. 770, 776 (1987). |
| 2 |     Brandel seems to suggest that a stay of the judgment of conviction would allow him to |
| 3 | pursue habeas relief before his direct appeal. See Motion to Stay 1, ECF No. 452 (Brandel |
| 4 | arguing that his appeal "would not be considered pending . . . so long as this Court grants [the] |
| 5 | Motion to Stay")(internal quotations omitted). However, the Ninth Circuit is clear that a federal |
| 6 | defendant must fully exhaust his appellate review before seeking habeas relief. See United States |
| 7 | v. Lafromboise, 427 F.3d 680, 686 (9th Cir. 2005). In fact, the Court lacks authority over a |
| 8 | defendant's habeas petition and "will not review [such a] motion until the direct appeal is |
| 9 | resolved." United States v. Pirro, 104 F.3d 297, 298 (9th Cir. 1997). A brief review of the docket |
| 10 | in this case makes clear that Brandel's direct appeal is ongoing. Accordingly, Brandel's habeas |
| 11 | petition is untimely, and the Court will not consider the motion until he has exhausted his direct |
| 12 | appeal. |

v. Braunskill, 481 U.S. 770, 776 (1987).

    Brandel seems to suggest that a stay of the judgment of conviction would allow him to pursue habeas relief before his direct appeal. See Motion to Stay 1, ECF No. 452 (Brandel arguing that his appeal "would not be considered pending . . . so long as this Court grants [the] Motion to Stay")(internal quotations omitted). However, the Ninth Circuit is clear that a federal defendant must fully exhaust his appellate review before seeking habeas relief. See United States v. Lafromboise, 427 F.3d 680, 686 (9th Cir. 2005). In fact, the Court lacks authority over a defendant's habeas petition and "will not review [such a] motion until the direct appeal is resolved." United States v. Pirro, 104 F.3d 297, 298 (9th Cir. 1997). A brief review of the docket in this case makes clear that Brandel's direct appeal is ongoing. Accordingly, Brandel's habeas petition is untimely, and the Court will not consider the motion until he has exhausted his direct appeal.

    Accordingly, IT IS HEREBY ORDERED that Anthony Brandel's Motion to Stay Sentencing and Judgment of Conviction (ECF No. 451) is **DENIED as moot**.

    IT IS FURTHER ORDERED that Brandel's Motion for Writ of Habeas Corpus (ECF No. 452) is **DENIED without prejudice** as premature.

DATED this 14th day of April, 2020.

                                                 Kent J. Dawson
                                                 United States District Judge