# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY BRANDEL,

Defendant.

Case No. 2:13-cr-0439-KJD-VCF

**ORDER**

Before the Court is Anthony Brandel's Motion to Disqualify Judge (ECF No. 484) to which the government responded (ECF No. 489), and Brandel replied (ECF No. 499).

Brandel argues that the Court must recuse itself under to 28 U.S.C. § 455(a), which states "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned[.]" Brandel then offers several examples of the Court's rulings in his case that he believes demonstrate a reasonable question of the Court's impartiality. Motion to Disqualify 2–3, ECF No. 484. However, bias or prejudice justifying recusal must arise from an extrajudicial source and not from conduct or rulings made during the proceeding. See Toth v. Trans World Airlines, 862 F.2d 1381, 1387-88 (9th Cir. 1988).

Although Brandel's disagreements with the Court's rulings may form the basis for his appeal, they are not evidence of bias or prejudice. Brandel's motion points to several of the Court's rulings as evidence of bias, but each is an example of judicial conduct supported by the record. To the extent that Brandel claims the Court has ignored or otherwise neglected his pro se filings (see Motion to Stay and Motion for Writ of Habeas Corpus, ECF Nos. 451, 452), those filings are premature while Brandel litigates his direct appeal. As for Brandel's claims that the Court has incorrectly classified the victims in this case as victims and not co-conspirators, that

finding was supported by evidence and the jury's verdict. Brandel has now made that argument before trial, at trial, and after trial. It is still baseless. That the Court and the jury have repeatedly rejected the argument is not evidence of extrajudicial bias. Finally, the Court's decision to resolve pending motions without a hearing or to strike Brandel's fugitive filings is not evidence of bias. The Court has inherent control over its docket and may decide most motions with or without a hearing. See Ready Trasp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

It is clear from Brandel's filings that he is unhappy with the Court's rulings. It is also clear from the record that those rulings were motivated by the evidence in this case and the jury's determinations of Brandel's guilt—not any extrajudicial bias. Brandel has continuously made arguments that the Court and the jury have rejected. The remedy for Brandel is his appeal, not recusal under 28 U.S.C. § 455.

Accordingly, IT IS HEREBY ORDERED that Anthony Brandel's Motion to Disqualify Judge (ECF No. 484) is **DENIED**.

DATED this 14th day of April, 2020.

_____
Kent J. Dawson
United States District Judge